KC **FILED**

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)*<br>02-CR-93-01-B |
|---|---|---|
| **TRANSFER OF JURISDICTION** | MAR 0 7 2007<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Jay Nelson | DISTRICT<br><br>DISTRICT OF NEW HAMPSHIRE | DIVISION |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>Honorable Paul Barbadoro | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>12/20/06 | TO<br>12/19/09 |

**OFFENSE**

<u>Ct. I</u>:  Mail Fraud, in violation of 18 U.S.C. § 1341
<u>Ct. II</u>:  Mail Fraud - Fictitious Name, in violation of 18 U.S.C. § 1342
<u>Ct. III</u>:  Wire Fraud, in violation of 18 U.S.C. § 1343
<u>Ct. IV</u>:  Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)
<u>Ct. V</u>:  Identity Fraud, in violation of 18 U.S.C. § 1028(a)(7)

**07CR 0107**

**JUDGE LEFKOW**

**MAGISTRATE JUDGE ASHMAN**

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF NEW HAMPSHIRE</u>

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

1-3-07
_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN 3 0 2007
_____
*Effective Date*

James F. Holderman
_____
*United States District Judge*

CLOSED

# U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: 1:02-cr-00093-PB-ALL

Case title: USA v. Nelson

Date Filed: 06/21/2002

KC **FILED**

MAR 0 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Assigned to: Judge Paul Barbadoro

### Defendant

**Jay Nelson** (1)
*TERMINATED: 04/01/2003*

# 07CR 0107

## JUDGE LEFKOW

## MAGISTRATE JUDGE ASHMAN

represented by **Bjorn R. Lange**
Federal Defender's Office
The Ralph Pill Building
22 Bridge St
Concord, NH 03301
603 226-7360
Email: bjorn_lange@fd.org
*TERMINATED: 11/15/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *Public Defender or*
*Community Defender Appointment*

**Michael J. Iacopino**
Brennan Caron Lenehan & Iacopino
85 Brook St
Manchester, NH 03104-3605
603 668-8300
Email: miacopino@bclilaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**Paul J. Haley**
Haley Law Office
PO Box 1868
Hillsboro, NH 03244
603 478-7878
Email: pjhaley@comcast.net
*TERMINATED: 04/01/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**CERTIFIED TO BE A TRUE COPY**
**JAMES R. STARR, CLERK**

BY: _____
**DEPUTY CLERK**

2/27/2007 1:52 PM

Case: 1:07-cr-00107 Document #: 1 Filed: 03/07/07 Page 3 of 30 PageID #:3

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1341 Mail Fraud (1) | --4/2/05 AMENDED JUDGMENT-- Committed to Bureau of Prison for 63 months, recommending FCI Otisville, remand US Marshal; 3 years Supervised Release with special conditions; Restitution $24,736.97; Special Assessment $500, payments begin immediately, schedule to be established |
| 18:1342 Mail Fraud-Fictitious Name (2) | --4/2/05 AMENDED JUDGMENT-- Committed to Bureau of Prison for 63 months, recommending FCI Otisville, remand US Marshal; 3 years Supervised Release with special conditions; Restitution $24,736.97; Special Assessment $500, payments begin immediately, schedule to be established |
| 18:1343 Wire fraud (3) | --4/2/05 AMENDED JUDGMENT-- Committed to Bureau of Prison for 63 months, recommending FCI Otisville, remand US Marshal; 3 years Supervised Release with special conditions; Restitution $24,736.97; Special Assessment $500, payments begin immediately, schedule to be established |
| 18:1956(a)(1) Money Laundering (4) | --4/2/05 AMENDED JUDGMENT-- Committed to Bureau of Prison for 63 months, recommending FCI Otisville, remand US Marshal; 3 years Supervised Release with special conditions; Restitution $24,736.97; Special Assessment $500, payments begin immediately, schedule to be established |
| 18:1028(a)(7) Identity fraud (5) | --4/2/05 AMENDED JUDGMENT-- Committed to Bureau of Prison for 63 months, recommending FCI Otisville, remand US Marshal; 3 years Supervised Release with special conditions; Restitution $24,736.97; Special Assessment $500, payments begin immediately, schedule to be established |

## Highest Offense Level (Opening)

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Plaintiff**

USA                                          represented by **Michael J. Gunnison**
                                                            US Attorney's Office (NH)
                                                            James C. Cleveland Federal Building
                                                            53 Pleasant St, 4th Flr
                                                            Concord, NH 03301-0001
                                                            603 225-1552
                                                            Email: michael.gunnison@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/21/2002 | 1 | INFORMATION-Felony as to Jay Nelson (1) count(s) 1, 2, 3, 4, 5 Added AUSA Michael J. Gunnison. (mm) (Entered: 06/21/2002) |
| 06/21/2002 | 2 | Praecipe for Warrant as to Jay Nelson (mm) (Entered: 06/21/2002) |
| 06/21/2002 |   | Arrest WARRANT issued as to Jay Nelson ; original warrant and copies to US Marshal and US Probation. (mm) (Entered: 06/21/2002) |
| 06/21/2002 | 3 | Plea Agreement as to Jay Nelson (mm) (Entered: 06/21/2002) |
| 06/21/2002 |   | Re Jay Nelson: Waiver of Indictment/Plea to Information set for 2:30 7/8/02 for Jay Nelson before Chief Judge Paul J. Barbadoro . (mm) (Entered: 06/21/2002) |
| 06/21/2002 | 4 | Copy of FINANCIAL AFFIDAVIT by Jay Nelson (mm) (Entered: 06/21/2002) |
| 06/21/2002 | 5 | Appointment of Federal Defender as to Jay Nelson : Added Bjorn R. Lange (Signed by James R. Starr, Clerk) (mm) (Entered: 06/21/2002) |
| 07/08/2002 |   | Re Jay Nelson: INITIAL APPEARANCE held before Judge Paul Barbadoro. Court Reporter/Tape #: Celeste Q. (mm) (Entered: 07/08/2002) |
| 07/08/2002 | 6 | WAIVER OF INDICTMENT by Jay Nelson (mm) (Entered: 07/08/2002) |

Case: 1:07-cr-00107 Document #: 1 Filed: 03/07/07 Page 5 of 30 PageID #:5

| 07/08/2002 | | Re Jay Nelson: Waiver of Indictment/Plea to Information held ; Plea of Guilty by Jay Nelson (1) count(s) 1, 2, 3, 4, 5 ; Court accepts plea; held before Chief Judge Paul J. Barbadoro . Court Reporter/Tape #: Celeste Q. (mm) (Entered: 07/08/2002) |
| 07/08/2002 | | RE Jay Nelson: SENTENCING set for 11:00 10/10/02 for Jay Nelson , Jay Nelson (1) count(s) 1, 2, 3, 4, 5 before Chief Judge Paul J. Barbadoro (mm) (Entered: 07/08/2002) |
| 07/24/2002 | 7 | Arrest WARRANT Returned Executed on 7/8/02 as to Jay Nelson (mm) (Entered: 07/24/2002) |
| 09/03/2002 | 9 | MOTION by Jay Nelson for Appointment of Conflict Counsel (mm) (Entered: 11/08/2002) |
| 09/04/2002 | | ENDORSED ORDER as to Jay Nelson granting [9-1] motion for Appointment of Conflict Counsel as to Jay Nelson (1) ( Entered by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 11/08/2002) |
| 09/04/2002 | 10 | CJA 20 for Jay Nelson . Appointment of Paul J. Haley as court-appointed counsel for possible attorney conflict . Review case for submission of final voucher by 3/3/03 for Paul J. Haley .(Signed by James R. Starr, Clerk) (mm) (Entered: 11/08/2002) |
| 10/01/2002 | 8 | MOTION by Jay Nelson to Continue sentencing until after 11/14/02 with assent. (mm) (Entered: 10/02/2002) |
| 10/07/2002 | | ENDORSED ORDER as to Jay Nelson granting [8-1] motion to Continue sentencing until after 11/14/02 as to Jay Nelson (1) ( Entered by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 10/07/2002) |
| 10/07/2002 | | RE Jay Nelson: SENTENCING reset for 9:30 11/22/02 for Jay Nelson before Chief Judge Paul J. Barbadoro (mm) (Entered: 10/07/2002) |
| 11/07/2002 | 11 | MOTION by Jay Nelson for Bjorn Lange to Withdraw as Attorney Objections to Motion due by 11/27/02 for USA (mm) (Entered: 11/08/2002) |
| 11/15/2002 | | ENDORSED ORDER as to Jay Nelson granting [11-1] motion for Bjorn Lange to Withdraw as Attorney (Terminated attorney Bjorn R. Lange for Jay Nelson as to Jay Nelson (1) ( Entered by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 11/18/2002) |
| 11/20/2002 | 12 | MOTION by Jay Nelson to Continue sentencing for 45 days or until after 1/6/03 with assent. (mm) (Entered: 11/20/2002) |
| 11/21/2002 | | ENDORSED ORDER as to Jay Nelson granting [12-1] motion to Continue sentencing for 45 days or until after 1/6/03 as to Jay Nelson (1) ( Entered by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 11/21/2002) |
| 11/21/2002 | | RE Jay Nelson: SENTENCING reset for 10:30 1/22/03 for Jay Nelson before Chief Judge Paul J. Barbadoro (mm) (Entered: 11/21/2002) |

| 01/15/2003 | 13 | MOTION by Jay Nelson to Continue the sentencing until after 3/8/03 with assent. served on 1/14/03 (mm) (Entered: 01/15/2003) |
| --- | --- | --- |
| 01/15/2003 | | ENDORSED ORDER as to Jay Nelson granting [13-1] motion to Continue the sentencing until after 3/8/03 as to Jay Nelson (1) ( Entered by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 01/15/2003) |
| 01/15/2003 | | RE Jay Nelson: SENTENCING reset for 2:00 3/21/03 for Jay Nelson before Chief Judge Paul J. Barbadoro (mm) (Entered: 01/15/2003) |
| 03/06/2003 | | RE Jay Nelson: SENTENCING reset for 2:00 3/31/03 for Jay Nelson before Chief Judge Paul J. Barbadoro (mm) (Entered: 03/06/2003) |
| 03/31/2003 | | RE Jay Nelson: SENTENCING held Jay Nelson (1) count(s) 1, 2, 3, 4, 5 before Chief Judge Paul J. Barbadoro Court Reporter/Tape #: C. Quimby (mm) (Entered: 03/31/2003) |
| 04/01/2003 | 14 | JUDGMENT Jay Nelson (1) count(s) 1 , 2 , 3 , 4 , 5 . Committed to Bureau of Prison for 78 months on cnts 4 and 5, 60 months on cnts 1-3, to be served concurrently, recommending Otisville, NY, remanded to custody of US Marshal; 3 years supervised release w/special conditions of: provide access to financial information, apply monies to financial obligations, no new credit, narcotic/alcohol treatment no alcohol, pay if able, submit to searches; $500 Special assessment; $24,685.97 Restitution, payments to begin immediately, US Probation to recommend payment schedule; fine waived. ( Signed by Chief Judge Paul J. Barbadoro ) (mm) (Entered: 04/02/2003) |
| 04/01/2003 | | Termination of party Jay Nelson pending deadlines and pending motions as to Jay Nelson (mm) (Entered: 04/02/2003) |
| 04/02/2003 | | **Case closed as to Jay Nelson (all defendants). (mm) (Entered: 04/02/2003) |
| 04/03/2003 | 15 | FINAL CJA 20 Authorization to pay Paul J. Haley for defendant Jay Nelson ; for criminal case Amount: $ 3,613.02 re: [10-1] cja appointment ( Signed by Chief Judge Paul J. Barbadoro ) (jeb) (Entered: 04/04/2003) |
| 04/14/2003 | 16 | Judgment Returned Executed as to Jay Nelson on 4/9/03 to FCI - Otisville, NY (mm) (Entered: 04/14/2003) |
| 04/06/2004 | ●17 | Copy of MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 04-cv-123-B). All further docketing will be in the civil case. Copy of the petition has been sent to the AUSA for information only. Filed by Jay Nelson. (jeb, ) (Entered: 04/06/2004) |
| 04/27/2004 | ●18 | TRANSCRIPT of Proceedings as to Jay Nelson for Waiver/Plea held on July 8, 2002, Court Reporter: C. Quimby (jar, ) (Entered: 04/27/2004) |
| 04/27/2004 | ●19 | TRANSCRIPT of Proceedings as to Jay Nelson for Sentencing held on March 31, 2003, Court Reporter: C. Quimby (jar, ) (Entered: 04/27/2004) |
| 01/21/2005 | ● | NOTICE OF HEARING as to Jay Nelson: Re-Sentencing set for 3/30/2005 09:30 AM before Judge Paul Barbadoro. (mm, ) (Entered: 01/21/2005) |

| 03/17/2005 | ● | RESCHEDULING NOTICE OF HEARING as to Jay Nelson: Sentencing set for 3/31/2005 09:30 AM before Judge Paul Barbadoro. (mm, ) (Entered: 03/17/2005) |
|---|---|---|
| 03/30/2005 | ●20 | SENTENCING MEMORANDUM by Jay Nelson, USA as to Jay Nelson. (mm, ) (Entered: 03/31/2005) |
| 03/31/2005 | ● | Minute Entry for proceedings held before Judge Paul Barbadoro :SENTENCING held on 3/31/2005 for Jay Nelson (1) Sentenced on Count 1,2,3,4,5. (Court Reporter: S. Bailey) (Govt Atty: Michael Gunnison) (Defts Atty: Michael Iacopino) (USP: Cathy Battistelli)(Total Hearing Time:.08) (mm, ) (Entered: 03/31/2005) |
| 04/02/2005 | ●21 | **AMENDED JUDGMENT as to Jay Nelson (1), Count(s) 1, 2, 3, 4, 5, --4/2/05 AMENDED JUDGMENT-- Committed to Bureau of Prison for 63 months, recommending FCI Otisville, remand US Marshal; 3 years Supervised Release with special conditions; Restitution $24,736.97; Special Assessment $500, payments begin immediately, schedule to be established. Signed by Judge Paul Barbadoro. (mm, ) (Entered: 04/06/2005)** |
| 04/25/2005 | ●22 | Judgment Returned Executed as to Jay Nelson on 4/20/05 FCI Otisville. (mm, ) (Entered: 04/25/2005) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2002 JUN 21  A 10: 24

**UNITED STATES OF AMERICA**  :

     v.  :

**JAY NELSON**  :  Cr. No. 02- 93-01-B

: 

:

# 07CR 0107

JUDGE LEFKOW
MAGISTRATE JUDGE ASHMAN

KC F I L E D

MAR 0 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The United States Attorney charges:

## INFORMATION

### A. Background

1. At all relevant times defendant **JAY NELSON** conducted an enterprise via the internet which he operated from a series of residences and locations in Illinois, New Hampshire and Florida.

2. It was part of the enterprise that defendant **JAY NELSON** used internet auction websites such as E-bay and Yahoo! to host online auctions for computer equipment and other merchandise which he purportedly had for sale.

3. Defendant **JAY NELSON** conducted the online auctions using a variety of identities, addresses and screen names. At the conclusion of the auctions, defendant sent e-mails to the winning bidders containing payment instructions. Some bidders mailed checks and money orders to addresses supplied by the defendant, while others used credit cards to send payments to the defendant via "Paypal," a company that serves as a payment intermediary by allowing buyers and sellers who have accounts with Paypal to send and receive payments via e-mail.

4. Defendant **JAY NELSON** accepted and laundered payments from the bidders but failed to deliver the purported merchandise.

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK

BY:
DEPUTY CLERK

## B. The Scheme to Defraud

5. For the purpose of obtaining monies from victims, defendant **JAY NELSON** rented postal boxes at post offices and commercial mail receiving agencies in New Hampshire, Massachusetts and elsewhere. In his e-mail communications with the victims, defendant often used assumed names and instructed the victims to send the payments to the postal boxes in those names. Defendant later deposited the victims' payments to bank accounts that he controlled.

6. In approximately mid-summer, 2000, defendant **JAY NELSON** took steps to conceal and disguise the location, ownership and control of the scheme proceeds. Defendant used aliases and fictitious addresses in his e-mail communications with winning bidders, and strongly encouraged them to make payments by credit card to accounts that he controlled at Paypal. When payments were received in the Paypal accounts, defendant transferred the monies to other Paypal accounts and to bank accounts that he controlled by means of interstate wire transfers. If bidders insisted on making payments by mail, those payments would be returned by the Postal Service as undeliverable. Under this arrangement, bidders were unable to identify or locate the defendant, and efforts by Paypal to recoup the monies were frustrated by defendant's transfer of the proceeds before the fraudulent activity was reported.

7. It was part of the scheme that defendant **JAY NELSON** made unauthorized use of identities and credit card accounts of other persons that he acquired in the course of e-mail communications. Defendant used the credit card accounts to purchase goods and services, including internet service accounts through which he operated the scheme.

8. To inspire confidence on the part of potential victims, and to induce them to bid on his

2

auctions, defendant **JAY NELSON** bolstered the transaction histories on his auction accounts with false testimonials. Using numerous e-mail accounts and identities that he created, defendant posted false or "shill" feedback messages to his own accounts, which provided a false record of customer satisfaction with defendant's merchandise and sales practices.

9. In response to efforts by on-line auction companies to prevent shill feedback practices, defendant **JAY NELSON** created numerous accounts with auction websites and acquired positive feedback by using those accounts to purchase inexpensive items from other auction sellers. After receiving defendant's payments and mailing the items, the sellers would post favorable feedback messages on defendant's accounts. In most instances the purchased items would later be returned to the sellers as undeliverable on account of false address information supplied by the defendant. After acquiring positive feedback on accounts over the course of weeks or months, defendant would select an account and begin using the account to sell purported merchandise to victims.

10. As part of the scheme defendant **JAY NELSON** often hosted "dutch auctions," in which he purported to have sufficient merchandise to allow more than one bidder to purchase more than one item. This method allowed the defendant to obtain as much money as possible from victims before the fraud was reported to the on-line auction company and the auction account was shut down.

11. In February, 2001, defendant **JAY NELSON** traveled from New Hampshire to Florida to avoid prosecution, and continued to create identities on auction websites and to conduct fraudulent auctions. Between February and July, 2001, defendant conducted financial transactions for the purpose of concealing and disguising the source, ownership and control of

3

the proceeds generated from the fraudulent internet auction sales, specifically, monies delivered by defrauded bidders to accounts controlled by the defendant at PayPal. Defendant used some of the monies in the Paypal accounts to purchase gold coins and other merchandise from internet auction sellers and caused the coins and merchandise to be mailed to him under assumed names at motels and other temporary lodgings. Defendant then sold the coins for cash at local coin shops.

12. Throughout the scheme defendant **JAY NELSON** conducted numerous fraudulent on-line auctions by which he received money from winning bidders but failed to provide the purported merchandise, including those described below:

| Date | Defendant's Screen Name | Auction Web Site | Number of Transactions | Value of Transactions |
|------|-------------------------|------------------|------------------------|-----------------------|
| June 2000 | harddrives4sale | Yahoo | 247 | $32,104.87 |
| June - July 2000 | justgreatdeals | Yahoo | 144 | $20,327.78 |
| July - Aug. 2000 | moregr8stuff | Yahoo | 71 | $7,910.75 |
| August 2000 | cwilly1955 | Yahoo | 121 | $14,146.61 |
| September 2000 | wesellthings2000 | Yahoo | 39 | $6,390.51 |
| Sept. - Oct. 2000 | mzfrenchie | e-Bay | 189 | $12,985.95 |
| Oct. - Nov. 2000 | jeffclancey | Yahoo | 43 | $3,622.50 |
| Nov. - Dec. 2000 | susancutey | Yahoo | 264 | $30,181.80 |
| Dec. 2000 - Feb. 2001 | yoshiinc | e-Bay | 101 | $7,676.45 |
| March - April 2001 | agathac1 | e-Bay | 73 | $7,759.94 |
| April - May 2001 | biggerthanu | e-Bay | 169 | $19,821.05 |

4

| May 2001 | tbonedbad | e-Bay | 26 | $4,340.84 |
| May - June 2001 | skunkker | e-Bay | 191 | $27,009.00 |
| June 2001 | seth442 | e-Bay | 52 | $7,234.50 |
| June - July 2001 | jay_alwayspc | Yahoo | 8 | $1,414.00 |

## COUNT 1
## MAIL FRAUD
[18 U.S.C. § 1341]

13. Paragraphs 1 through 12 are realleged as if fully set forth herein.

14. From approximately June, 2000 through July, 2001, in the District of New Hampshire and elsewhere, the defendant,

### JAY NELSON,

did knowingly devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations, and for the purpose of executing said scheme, the defendant did knowingly cause mail, matters and things to be sent and delivered and received by means of the Postal Service and by private and commercial interstate carrier.

In violation of Title 18, United States Code, Section 1341.

5

## COUNT 2
## MAIL FRAUD -
## FICTITIOUS NAME
[18 U.S.C. § 1342] ₣

15. Paragraphs 1 through 12 are realleged as if fully set forth herein.

16. From approximately June, 2000 through July, 2001, in the District of New Hampshire and elsewhere, the defendant,

### JAY NELSON,

for the purpose of conducting, promoting, and carrying on by means of the Postal Service, a scheme and device in violation of Title 18, United States Code, Section 1341, did use and assume and request to be addressed by, fictitious, false and assumed titles, names and addresses and names other than his own proper name, and did take and receive from post offices and authorized depositories of mail matter, letters, packages and other mail matter addressed to such fictitious, false and assumed titles, names, and addresses, and names other than his own proper name, including, "Chris Brown," "Bill Carson," "Bill Carlson," "Jeff Clancy," "Jenny Clark," "Brian Fuchs," "Susan Johnson," "Walter Johnson," "Cindy Miller," "John Nelson," "Ben Phillips," "Seth Roberts" and "Jenny Weber."

In violation of Title 18, United States Code, Section 1342.

6

## COUNT 3
## <u>WIRE FRAUD</u>
(18 U.S.C. § 1343) ⸗

17. Paragraphs 1 through 12 are realleged as if fully set forth herein.

18. From approximately June, 2000 through about July, 2001, in the District of New Hampshire and elsewhere, the defendant,

### JAY NELSON,

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the same, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit, e-mails and electronic funds transfers.

In violation of Title 18, United States Code, Section 1343.

## COUNT 4
## MONEY LAUNDERING
(18 U.S.C. § 1956(a)(1)) – 4999.F

19. Paragraphs 1 through 12 are realleged as if fully set forth herein.

20. From approximately to June, 2000 through July, 2001, in the District of New Hampshire and elsewhere,

### JAY NELSON,

knowing that the property involved in the financial transactions represented the proceeds of a form of unlawful activity, to wit, mail fraud (18 U.S.C. § 1341), and wire fraud (18 U.S.C. § 1343), did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce involving the proceeds of such specified unlawful activity, (i) with the intent to promote the carrying on of said specified unlawful activity; and (ii) knowing that such transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1).

8

## COUNT 5
## <u>IDENTITY FRAUD</u>
(18 U.S.C. § 1028(a)(7))
A.F

21. Paragraphs 1 through 12 are realleged as if fully set forth herein.

22. From approximately June, 2000 through July, 2001, in the District of New

Hampshire and elsewhere, the defendant,

### JAY NELSON,

knowingly used, without lawful authority, means of identification of other persons, to wit, names

and credit card accounts in the names "Eric Budiono," "Harry Weierbach," "John Wenger" and

"Sang Hee Yoon," with the intent to commit unlawful activity that constitutes a violation of

federal law, to wit, Title 18, United States Code, Section 1343 (wire fraud), and as a result of the

same obtained things of value aggregating more than $1,000 during a 1-year period.

In violation of Title 18, United States Code, Section 1028(a)(7).

Dated: June 21, 2002

THOMAS P. COLANTUONO
United States Attorney
District of New Hampshire

By: Michael J. Gunnison
Assistant U.S. Attorney

9

KC **FILED**

AO 245C (Rev. 12/03)  Amended Judgment in a Criminal Case - Sheet 1                    (Note: Identify Changes with Asterisks(*))

RECEIVED

2005 APR 25  A 11: 49

U.S. MARSHAL
CONCORD, N.H.

# United States District Court
## District of New Hampshire

MAR 0 7 2007 U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

GEORGE W. DOBBINS
CLERK, U.S. DISTRICT COURT   APR 0 2 2005

**FILED**

UNITED STATES OF AMERICA

v.

**JAY NELSON**

Date of Original Judgment: JAY NELSON 04/01/2003

(or Date of Last Amended Judgment)

**07 CR  0107**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  **02-CR-93-01-PB**

Michael Iacopino, Esq.
Defendant's Attorney

**Reason for Amendment:**
02-CR-93-01-PB [ ] Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

[ ] Reduction of Sentence for Charged Circumstance (Fed. R. Crim. P. 35(b))

[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

[ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

[ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

[X] Direct Motion to District Court Pursuant to;
  [X] 28 U.S.C. § 2255,   [ ] 18 U.S.C. § 3559(c)(7), or

JUDGE LEFKOW [ ] Modification of Restitution Order (18 U.S.C. § 3664)

MAGISTRATE JUDGE ASHMAN

**CERTIFIED TO BE A TRUE COPY**
**JAMES R. STARR, CLERK**

BY: _____
**DEPUTY CLERK**

**THE DEFENDANT:**

[X]  pleaded guilty to count(s): 1-5 of the Information .

[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.

[ ]  was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ]  Count(s) dismissed on motion of the United States:  ___ .

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

**CERTIFIED TO BE A TRUE COPY**
**JAMES R. STARR, CLERK**
BY: _____
**DEPUTY CLERK**

03/31/2005
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**PAUL BARBADORO**
**United States District Judge**
Name & Title of Judicial Officer

4-2-05
Date

AO 245C (Rev. 12/03)  Amended Judgment in a Criminal Case - Sheet 1

CASE NUMBER:
DEFENDANT:

Judgment - Page 2 of 7

| Title & Section | Nature of Offense | Date Offense Concluded | | Count Number(s) |
|---|---|---|---|---|
| 18: USC 1341 | Mail fraud | 07/2001 | 1 | |
| 18: USC 1342 | Mail fraud-fictitious name | 07/2001 | 2 | |
| 18: USC 1343 | Wire fraud | 07/2001 | 3 | |
| 18: USC 1956(a)(1) | Money laundering | 07/2001 | 4 | |
| 18: USC 1028(a)(7) | Identity fraud | 07/2001 | 5 | |

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 02-CR-93-01-PB | Judgment - Page 3 of 7 |
| DEFENDANT: | JAY NELSON | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _63 months_ .

**63 months on counts 4 and 5 and 60 months on counts 1-3, all to be served concurrently**

[X]     The court makes the following recommendations to the Bureau of Prisons:

that the sentence be served at Otisville, NY

[X]     The defendant is remanded to the custody of the United States Marshal.

[  ]     The defendant shall surrender to the United States Marshal for this district.
    [  ] at _ on _.
    [  ] as notified by the United States Marshal.

[  ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [  ] before _ on _.
    [  ] as notified by the United States Marshal.
    [  ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _April 20, 2005_ to _FCI_

at _OTV, NY_ , with a certified copy of this judgment.

_Fredrick Menifer,_
UNITED STATES MARSHAL
Warden

By _B. Hotrula_
Deputy U.S. Marshal

22

AO 245C (Rev. 12/03)  Amended Judgment in a Criminal Case - Sheet 3 - Supervised Release

CASE NUMBER:      02-CR-93-01-PB

DEFENDANT:        JAY NELSON

Judgment - Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _3 years_ .

on each count, to run concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

Pursuant to Public law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[X]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 3 - Supervised Release

CASE NUMBER:       02-CR-93-01-PB
DEFENDANT:         JAY NELSON

Judgment - Page 5 of 7

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

The defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant shall submit his person, residence, office, or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Upon a finding of a violation of probation or supervised release, I understand that the court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____
Defendant

Date _____

_____
U.S. Probation Officer/ Designated Witness

Date _____

AO 245C (Rev. 12/03)  Amended Judgment in a Criminal Case - Sheet 5  Criminal  Monetary Penalties

| CASE NUMBER: | 02-CR-93-01-PB | Judgment - Page 6 of 7 |
|---|---|---|
| DEFENDANT: | JAY NELSON | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $500.00 | | $24,736.97 |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[X] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| SEE ATTACHED LIST | | $24,736.97 | |
| | TOTALS: | $24,736.97 | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement.  $_____

[ ] The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]  The interest requirement is waived for the  [ ] fine  [ ] restitution.

    [ ]  The interest requirement for the  [ ] fine and/or  [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 5  Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: **02-CR-93-01-PB** | Judgment - Page 7 of 7 |
| DEFENDANT: **JAY NELSON** | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [  ]  Lump sum payment of $_ due immediately, balance due

      [  ]  not later than _, or
      [  ]  in accordance with   **C**,  **D**, or **E** below; or

B   [X]  Payment to begin immediately (may be combined with  **C**,  **D**, or [X] **E** below); or

C   [  ]  Payment in _ installments of $_ over a period of _, to commence _ days after the date of this judgment; or

D   [  ]  Payment in _ installments of $_ over a period of _ , to commence _ days after release from imprisonment to a term of supervision; or

E   [X]  Special instructions regarding the payment of criminal monetary penalties:

Upon commencement of the term of supervised release, the probation officer will review the defendant's financial circumstances and recommend a schedule of payments for approval by the court.

Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301.  Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court.  Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

[  ]  Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[  ]  The defendant shall pay the cost of prosecution.

[  ]  The defendant shall pay the following court cost(s):

[  ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| Case ID: | 1:02-CR-93-1-RB | | | | |
|---|---|---|---|---|---|
| Name: | Nelson, Jay | | | | |
| Address: | | | | | |
| Address: | | | | | |
| Address: | | | | | |

| Date Received | Description | Special Assessment Received | Special Assessment Balance | Rest rec'd from Def | Total Bal to disburse |
|---|---|---|---|---|---|
| Beginning Balances | | | | | $0.00 |
| 12/16/2003 | BOP pymt dtd 11/4/03 | | | | $0.00 |
| 1/12/2004 | BOP pymt dtd 12/3/03 | | | | $0.00 |
| 2/6/2004 | BOP pymt dtd 1/5/04 | | | | $0.00 |
| 3/11/2004 | BOP pymt dtd 2/4/04 | | | | $0.00 |
| 4/13/2004 | BOP pymt dtd 3/3/04 | | | | $0.00 |
| 5/10/2004 | BOP pymt dtd 4/5/04 | | | | $0.00 |
| 6/15/2004 | BOP pymt dtd 5/4/04 | | | | $0.00 |
| 7/12/2004 | BOP pymt dtd 6/3/04 | | | | $0.00 |
| 8/18/2004 | BOP pymt dtd 7/8/04 | | | | $0.00 |
| 9/13/2004 | BOP pymt dtd 8/3/04 | | | | $0.00 |
| 7/11/2005 | BOP pymt dtd 6/3/05 | | | | $0.00 |
| 7/11/2005 | BOP pymt dtd 6/3/05 | | | 5.86 | $5.86 |
| 8/8/2005 | BOP pymt dtd 7/7/05 | | | 30.00 | $35.86 |
| 9/16/2005 | BOP pymt dtd 8/3/05 | | | 30.00 | $65.86 |
| 10/18/2005 | BOP pymt dtd 9/6/05 | | | 30.00 | $95.86 |
| 11/8/2005 | BOP pymt dtd 11/14/05 | | | 30.00 | $125.86 |
| 1/9/2006 | BOP pymt dtd 12/12/05 | | | 25.38 | $151.24 |
| 2/6/2006 | BOP pymt dtd 1/11/06 | | | 30.00 | $181.24 |
| 2/9/2006 | CK 120912 | | | | $181.24 |
| 3/6/06 | BOP pymt dtd 2/13/06 | | | 30.00 | $211.24 |
| 4/21/2006 | BOP pymt dtd 3/13/06 | | | 30.00 | $241.24 |
| 5/3/2006 | BOP pymt dtd 4/11/06 | | | 30.00 | $271.24 |
| 5/9/2006 | CD 06-43 - CK 00120912 to PayPal cancelled - FOE, unable to forward | | | | $271.24 |
| 7/12/2006 | BOP pymt dtd 6/14/06 | | | 30.00 | $301.24 |
| | | | | | $301.24 |
| | | | | | $301.24 |
| | | | | | $301.24 |
| | | | | | $301.24 |
| | | | | | $301.24 |
| | | | | | $301.24 |

**07CR 0107**

JUDGE LEFKOW

MAGISTRATE JUDGE ASHMAN

| A Victim Number | B Last Name | C First | D MI | E Address 1 | F Address 2 | G City | H State | I Zip | J Amt Allowed by Court (manual entry) | K Bal to disburse (linked data) | L Balance due payees (linked data) | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | $122.50 | 1.49 | 122.50 | |
| | | | | | | | | | $175.00 | 2.13 | 175.00 | |
| | | | | | | | | | $369.85 | 4.50 | 369.85 | |
| | | | | | | | | | $131.00 | 1.60 | 131.00 | |
| | | | | | | | | | $180.00 | 2.19 | 180.00 | |
| | | | | | | | | | $120.00 | 1.46 | 120.00 | |
| | | | | | | | | | $40.00 | 0.49 | 40.00 | |
| | | | | | | | | | $109.00 | 1.33 | 109.00 | |
| | | | | | | | | | $208.99 | 2.55 | 208.99 | |
| | | | | | | | | | $120.00 | 1.46 | 120.00 | |
| | | | | | | | | | $25.49 | 0.31 | 25.49 | |
| | | | | | | | | | $42.00 | 0.51 | 42.00 | |
| | | | | | | | | | $200.00 | 2.44 | 200.00 | |
| | | | | | | | | | $167.50 | 2.04 | 167.50 | |
| | | | | | | | | | $39.33 | 0.48 | 39.33 | |
| | | | | | | | | | $125.00 | 1.52 | 125.00 | |
| | | | | | | | | | $33.50 | 0.41 | 33.50 | |
| | | | | | | | | | $107.00 | 1.30 | 107.00 | |
| | | | | | | | | | $14.99 | 0.18 | 14.99 | |
| | | | | | | | | | $110.00 | 1.34 | 110.00 | |
| | | | | | | | | | $25.00 | 0.30 | 25.00 | |
| | | | | | | | | | $26.00 | 0.32 | 26.00 | |
| | | | | | | | | | $22.48 | 0.27 | 22.48 | |
| | | | | | | | | | $60.00 | 0.73 | 60.00 | |
| | | | | | | | | | $165.00 | 2.01 | 165.00 | |
| | | | | | | | | | $83.01 | 1.01 | 83.01 | |
| | | | | | | | | | $184.00 | 2.24 | 184.00 | |
| | | | | | | | | | $80.66 | 0.98 | 80.66 | |
| | | | | | | | | | $60.00 | 0.73 | 60.00 | |
| | | | | | | | | | $139.00 | 1.69 | 139.00 | |
| | | | | | | | | | $80.00 | 0.97 | 80.00 | |
| | | | | | | | | | $147.50 | 1.80 | 147.50 | |
| | | | | | | | | | $125.00 | 1.52 | 125.00 | |
| | | | | | | | | | $157.00 | 1.91 | 157.00 | |

B. Reed

| A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Victim Number | Last Name | First | MI | Address 1 | Address 2 | City | State | Zip | Amt Allowed by Court (manual entry) | Bal to disburse (linked data) | Balance due payees (linked data) | |
| | | | | | | | | | $40.00 | 0.49 | 40.00 | |
| | | | | | | | | | $64.00 | 0.78 | 64.00 | |
| | | | | | | | | | $200.00 | 2.44 | 200.00 | |
| | | | | | | | | | $183.00 | 2.23 | 183.00 | |
| | | | | | | | | | $59.00 | 0.72 | 59.00 | |
| | | | | | | | | | $175.00 | 2.13 | 175.00 | |
| | | | | | | | | | $30.00 | 0.37 | 30.00 | |
| | | | | | | | | | $141.00 | 1.72 | 141.00 | |
| | | | | | | | | | $139.00 | 1.69 | 139.00 | |
| | | | | | | | | | $224.00 | 2.73 | 224.00 | |
| | | | | | | | | | $39.51 | 0.48 | 39.51 | |
| | | | | | | | | | $150.00 | 1.83 | 150.00 | |
| | | | | | | | | | $89.00 | 1.08 | 89.00 | |
| | | | | | | | | | $95.00 | 1.16 | 95.00 | |
| | | | | | | | | | $135.00 | 1.64 | 135.00 | |
| | | | | | | | | | $195.00 | 2.37 | 195.00 | |
| | | | | | | | | | $97.00 | 1.18 | 97.00 | |
| | | | | | | | | | $154.50 | 1.88 | 154.50 | |
| | | | | | | | | | $60.00 | 0.73 | 60.00 | |
| | | | | | | | | | $98.01 | 1.19 | 98.01 | |
| | | | | | | | | | $233.00 | 2.84 | 233.00 | |
| | | | | | | | | | $116.00 | 1.41 | 116.00 | |
| | | | | | | | | | $60.85 | 0.74 | 60.85 | |
| | | | | | | | | | $14.99 | 0.18 | 14.99 | |
| | | | | | | | | | $125.00 | 1.52 | 125.00 | |
| | | | | | | | | | $41.00 | 0.86 | 41.00 | |
| | | | | | | | | | $164.00 | 0.50 | 164.00 | |
| | | | | | | | | | $264.00 | 2.00 | 264.00 | |
| | | | | | | | | | $71.00 | 3.21 | 71.00 | |
| | | | | | | | | | $78.00 | 0.95 | 78.00 | |
| | | | | | | | | | $35.00 | 0.43 | 35.00 | |
| | | | | | | | | | $160.00 | 1.95 | 160.00 | |
| | | | | | | | | | $139.00 | 1.69 | 139.00 | |
| | | | | | | | | | $25.33 | 0.31 | 25.33 | |
| | | | | | | | | | $47.00 | 0.57 | 47.00 | |
| | | | | | | | | | $174.54 | 2.13 | 174.54 | |
| | | | | | | | | | $125.00 | 1.52 | 125.00 | |
| | | | | | | | | | $120.00 | 1.46 | 120.00 | |

| A Victim Number | B Last Name | C First | D MI | E Address 1 | F Address 2 | G City | H State | I Zip | J Amt Allowed by Court (manual entry) | K Bal to disburse (linked data) | L Balance due payees (linked data) | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 76 | | | | | | | | | $78.00 | 0.95 | 78.00 | |
| | | | | | | | | | $160.95 | 1.96 | 160.95 | |
| | | | | | | | | | $51.00 | 0.62 | 51.00 | |
| | | | | | | | | | $38.15 | 0.46 | 38.15 | |
| | | | | | | | | | $120.01 | 1.46 | 120.01 | |
| | | | | | | | | | $86.00 | 1.05 | 86.00 | |
| | | | | | | | | | $150.00 | 1.83 | 150.00 | |
| | | | | | | | | | $12.50 | 0.15 | 12.50 | |
| | | | | | | | | | $135.00 | 1.64 | 135.00 | |
| | | | | | | | | | $212.00 | 2.58 | 212.00 | |
| | | | | | | | | | $130.00 | 1.58 | 130.00 | |
| | | | | | | | | | $91.00 | 1.11 | 91.00 | |
| | | | | | | | | | $110.53 | 1.35 | 110.53 | |
| | | | | | | | | | $150.00 | 1.83 | 150.00 | |
| | | | | | | | | | $101.00 | 1.23 | 101.00 | |
| | | | | | | | | | $185.00 | 2.25 | 185.00 | |
| | | | | | | | | | $199.00 | 2.42 | 199.00 | |
| | | | | | | | | | $125.00 | 1.52 | 125.00 | |
| | | | | | | | | | $45.00 | 0.55 | 45.00 | |
| | | | | | | | | | $46.00 | 0.56 | 46.00 | |
| | | | | | | | | | $71.00 | 0.86 | 71.00 | |
| | | | | | | | | | $220.00 | 1.58 | 220.00 | |
| | | | | | | | | | $129.50 | 2.68 | 129.50 | |
| | | | | | | | | | $19.39 | 0.24 | 19.39 | |
| | | | | | | | | | $91.05 | 1.11 | 91.05 | |
| | | | | | | | | | $115.00 | 1.40 | 115.00 | |
| | | | | | | | | | $80.50 | 0.98 | 80.50 | |
| | | | | | | | | | $164.00 | 2.00 | 164.00 | |
| | | | | | | | | | $61.00 | 0.74 | 61.00 | |
| | | | | | | | | | $39.00 | 0.47 | 39.00 | |
| | | | | | | | | | $71.00 | 0.86 | 71.00 | |
| | | | | | | | | | $114.00 | 1.39 | 114.00 | |
| | | | | | | | | | $227.27 | 2.77 | 227.27 | |
| | | | | | | | | | $175.00 | 2.13 | 175.00 | |
| | | | | | | | | | $160.00 | 1.95 | 160.00 | |
| | | | | | | | | | $26.50 | 0.32 | 26.50 | |
| | | | | | | | | | $186.00 | 2.27 | 186.00 | |

B. Reed

| Victim Number | Last Name | First | MI | Addr... | Address 2 | City | | | Amt Allowed by Court (manual entry) | Bal to disburse (linked data) | Balance due payees (linked data) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | $22.17 | 0.27 | 22.17 | |
| | | | | | | | | | $7,253.00 | 88.33 | 7,253.00 | Bad address |
| | | | | | | | | | $185.00 | 2.25 | 185.00 | |
| | | | | | | | | | $112.00 | 1.36 | 112.00 | |
| | | | | | | | | | $120.00 | 1.46 | 120.00 | |
| | | | | | | | | | $127.50 | 1.55 | 127.50 | |
| | | | | | | | | | $127.00 | 1.55 | 127.00 | |
| | | | | | | | | | $160.00 | 1.95 | 160.00 | |
| | | | | | | | | | $55.00 | 0.67 | 55.00 | |
| | | | | | | | | | $120.00 | 1.46 | 120.00 | |
| | | | | | | | | | $181.00 | 2.20 | 181.00 | |
| | | | | | | | | | $31.00 | 0.38 | 31.00 | |
| | | | | | | | | | $13.99 | 0.17 | 13.99 | |
| | | | | | | | | | $18.06 | 0.22 | 18.06 | |
| | | | | | | | | | $230.00 | 2.80 | 230.00 | |
| | | | | | | | | | $184.00 | 2.24 | 184.00 | |
| | | | | | | | | | $20.50 | 0.25 | 20.50 | |
| | | | | | | | | | $127.00 | 1.55 | 127.00 | |
| | | | | | | | | | $207.00 | 2.52 | 207.00 | |
| | | | | | | | | | $186.00 | 2.27 | 186.00 | |
| | | | | | | | | | $120.00 | 1.46 | 120.00 | |
| | | | | | | | | | $132.01 | 1.61 | 132.01 | |
| | | | | | | | | | $49.00 | 0.60 | 49.00 | |
| | | | | | | | | | $150.00 | 1.83 | 150.00 | |
| | | | | | | | | | $110.00 | 1.34 | 110.00 | |
| | | | | | | | | | $76.00 | 0.93 | 76.00 | |
| | | | | | | | | | $69.85 | 0.85 | 69.85 | |
| | | | | | | | | | $120.00 | 1.46 | 120.00 | |
| | | | | | | | | | $60.00 | 0.73 | 60.00 | |
| | | | | | | | | | $25.00 | 0.30 | 25.00 | |
| | | | | | | | | | $220.00 | 2.68 | 220.00 | |
| | | | | | | | | | $107.00 | 1.30 | 107.00 | |
| | | | | | | | | | $103.51 | 1.26 | 103.51 | |
| | | | | | | | | | $8.00 | 0.10 | 8.00 | |
| | | | | | | | | | $35.00 | 0.43 | 35.00 | |
| | | | | | | | | | $148.00 | 1.80 | 148.00 | |
| | | | | | | | | | $51.00 | 0.62 | 51.00 | |
| | | | | | | | | | $71.00 | 0.86 | 71.00 | |
| | | | | | | | | | $73.00 | 0.89 | 73.00 | |

| Victim Number | Last Name | First | MI | Address 1 | Address 2 | City | State | Zip | Amt Allowed by Court (manual entry) | Bal to disburse (linked data) | Balance due payees (linked data) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | CA | 95035 | $257.50 | 3.14 | 257.50 |
| | | | | | | | | | $137.00 | 1.67 | 137.00 |
| | | | | | | | | | $33.00 | 0.40 | 33.00 |
| | | | | | | | | | $122.00 | 1.49 | 122.00 |
| | | | | | | | | | $59.00 | 0.72 | 59.00 |
| | | | | | | | | | $31.00 | 0.38 | 31.00 |
| | | | | | | | | | $10.00 | 0.12 | 10.00 |
| | | | | | | | | | $134.00 | 1.63 | 134.00 |
| | | | | | | | | | $192.00 | 2.34 | 192.00 |
| | | | | | | | | | $83.00 | 1.01 | 83.00 |
| | | | | | | | | | $136.00 | 1.66 | 136.00 |
| | | | | | | | | | $0.00 | | |
| | | | | | | | | | $24,736.97 | 301.24 | 24,736.97 |

**UNITED STATES DISTRICT COURT** **F I L E D**
DISTRICT OF NEW HAMPSHIRE
WARREN B. RUDMAN U.S. COURTHOUSE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

KC

MAR 07 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Telephone
603-225-1423

**OFFICE OF THE CLERK**
James R. Starr
Clerk of Court

February 28, 2007

Michael Dobbins, Clerk
U.S. District Court
Northern District of Illinois
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, IL 60604

**07CR 0107**

**JUDGE LEFKOW**

**MAGISTRATE JUDGE ASHMAN**

Re:    NH Case No.:  Criminal No. 02-cr-93-01-PB, USA v. Nelson

Dear Clerk Dobbins:

The above case has been transferred to your jurisdiction pursuant to a Transfer of Jurisdiction.

We enclose the following items:

certified copy of the docket sheet
certified copies of file documents - Information and Judgment

There is an outstanding restitution obligation.  A copy of the ledger is enclosed.

Please acknowledge receipt on the copy of this letter provided and return in the reply envelope enclosed.

Very truly yours,

James R. Starr, Clerk

By: Jo-Ellen M. Magalnick
Jo-Ellen M. Magalnick
Deputy Clerk

Enclosures

cc:    U.S. Attorney - NH
U.S. Probation - NH
Financial Administrator